IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM MOSS,** <br> **#05531-025,** <br><br> Petitioner, <br><br> vs. <br><br> **UNITED STATES OF AMERICA,** <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) **CIVIL NO. 04-4097-GPM** <br> ) <br> ) **CRIMINAL NO. 00-40101-02-GPM** <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

On May 25, 2004, William Moss filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. 1). He has also filed a supporting memorandum (Doc. 7). The Government responded to the motion on October 4, 2004 (Doc. 6), and Moss filed a reply (Doc. 9). On October 26, 2004, Petitioner filed a motion to stay these proceedings (Doc. 8).

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> If [a 2255] motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

The Seventh Circuit has noted that "[n]o hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague,

conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992), *citing United States v. Frye*, 738 F.2d 196 (7th Cir. 1984). In this case, the Court finds that the factual matters raised by the motion may be resolved on the record, and the motion raises no cognizable claim. Accordingly, the Court will resolve the motion without a hearing.

## BACKGROUND

A federal grand jury returned a multi-count indictment against William Moss and others on December 6, 2000. (*See* Doc. 1 in Cause No. 00-CR-40101-GPM.) Two superseding indictments were filed after the initial indictment. (*See* Docs. 37, 54 in criminal case.)

On March 6, 2001, a federal grand jury returned a multi-count third superseding indictment (Doc. 158). William Moss was charged in Count 1 with conspiring to distribute and possess with intent to distribute more than five (5) grams of a mixture and substance containing cocaine base ("crack cocaine") and cocaine. Count 2 charged Moss with knowingly and intentionally distributing a mixture and substance containing cocaine base ("crack cocaine") on May 10, 2000. Count 3 charged Moss with knowingly and intentionally distributing a mixture and substance containing cocaine on May 25, 2000. Count 4 charged Moss with knowingly and intentionally distributing a mixture and substance containing cocaine on June 1, 2000. Count 5 charged Moss with the crime of brandishing a firearm on June 16, 2000, during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c).

The undersigned District Judge presided over the jury trial of this matter from March 20-22, 2001. The jury found Moss guilty of all counts and made a specific finding beyond a reasonable doubt that the conspiracy involved more than 5 grams of cocaine. This Court subsequently imposed

a sentence of 377 months imprisonment, 8 years of supervised release, a $10,000 fine, and a $500 special assessment.  Moss appealed, and the Seventh Circuit affirmed the conviction and sentence. *See United States v. Moss*, 57 Fed. Appx. 704 (7th Cir. 2003).  The United States Supreme Court denied certiorari.  *See Moss v. United States*, 538 U.S. 1067 (2003).

Moss argues that his sentence should be vacated, set aside, or corrected for the following reasons:  (1) trial counsel failed to pursue a plea bargain on his behalf when the evidence against him was overwhelming; (2) the Court failed to make an adequate inquiry to address an obvious conflict of interest between Moss and his attorney; and (3) trial counsel was ineffective for failure to object to introduction of statements made by witnesses who were not available at trial for confrontation and cross-examination.

## ANALYSIS

Title 28, United States Code, Section 2255 provides that "[a] prisoner in custody under sentence of the court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Thus, collateral relief is available to Moss only if any legal error in his conviction is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver*, 961 F.2d at 1341, *quoting Haase v. United States*, 800 F.2d 123, 126 (7th Cir. 1986).  In other words, a Section 2255 motion does not serve as a substitute for a direct appeal.

There are three types of issues that cannot be raised in a motion brought pursuant to Section

2255: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, absent a showing of either good cause for the procedural default and actual prejudice stemming from the alleged error, or that the district court's failure to consider the issue would result in a fundamental miscarriage of justice.  *See McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir. 1993); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *reversed on other grounds*, *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

The United States Supreme Court has held that ineffective assistance of counsel may constitute cause for a procedural default, but "[s]o long as a petitioner is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, there is no inequity in requiring him to bear the risks of attorney error that results in a procedural default."  *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *citing Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To prove "prejudice," Moss must show "not merely that the errors … created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or appeal] with error of constitutional dimensions."  *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

**Ineffective Assistance of Counsel**

To establish a claim of ineffective assistance of counsel, Moss must show that his counsel's "performance was deficient, which means that counsel's errors were so serious that they deprived [him] of 'counsel' within the meaning of the Sixth Amendment, and that the deficient performance prejudiced him, which means that counsel's errors were so serious that they deprived him of a fair

trial with reliable results." *Mahafey v. Schomig*, 294 F.3d 907, 918 (7th Cir. 2002), *citing Strickland*, 466 U.S. at 687. The Seventh Circuit has noted that "[r]egardless of when it is made, because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995).

There is no merit to the claims that trial counsel was ineffective. The Government's response and accompanying affidavit from trial counsel establish that no plea agreement was ever offered to Moss. The Government was certainly under no obligation to offer Moss a plea agreement, and Moss has not offered any facts to show that he would have received a more favorable sentence even if he had entered an open plea of guilty. His assertions that he would have *thought* about pleading guilty and that he would have received a lesser sentence are mere conjecture. The mere possibility of prejudice is insufficient to demonstrate actual prejudice. *See Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). And, because Moss has continued to proclaim his innocence at every stage of the trial, at sentencing, and even in his collateral attack, his claim now that his lawyer should have talked him into pleading guilty is without merit. *See, e.g., Sanders v. United States*, 341 F.3d 720 (8th Cir. 2003).

The other arguments that trial counsel was ineffective likewise fail. Moss fails to demonstrate what witnesses provided hearsay testimony or who was "unavailable" for trial. He makes only bare accusations hoping that something will stick. He admits to a conspiracy between himself and his brother, Randall Moss, but he argues that he never conspired with the other alleged co-conspirators. Unfortunately, he simply fails to understand the law of conspiracy, as the Government points out in detail. Moss has simply failed to show that there was any error of constitutional dimension.

**Conflict of Interest**

Moss argues that there was an "obvious" conflict of interest between him and his attorney. No such issue was raised on direct appeal, however, and as stated above, this cannot be raised now, absent a showing of cause and prejudice. Moss has offered no cause for his failure to raise the issue before now.

Even if the issue was preserved, there is nothing to support the bare assertion that a conflict of interest existed. Moss makes no reference to which attorney has a conflict of interest, and the Government correctly points out that Moss had *four* different lawyers during the proceedings. He likewise fails to provide any facts about the nature of the supposed conflict. For these reasons, this claim is denied.

**Sentencing Issues**

Finally, Moss has filed a motion to stay, arguing that this Court should not rule on the instant 2255 motion until the Supreme Court decides the case of *United States v. Booker*. This request is obviously moot, because the Supreme Court decided the *Booker* case several months ago. *See United States v. Booker*, 125 S.Ct. 738 (Jan. 12, 2005). In *Booker*, the Supreme Court held that defendants have a right to a jury trial on any disputed factual subject that increases the maximum punishment. The federal Sentencing Guidelines come within this rule to the extent that their operation is mandatory. This means that the sentencing guidelines are now only advisory.

The problem for Moss, however, is that the judgment in this case became final on March 31, 2003, when the United States Supreme Court denied certiorari. *See Moss v. United States*, 538 U.S. 1067 (2003). The Seventh Circuit recently ruled that *Booker* does not apply retroactively. *See McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). Thus, there is no reason to accept

additional briefing on this issue.

## CONCLUSION

For the foregoing reasons, the motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice**. The motion to stay (Doc. 8) is **DENIED as moot**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 06/03/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
